IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| MICHAEL L. FOGARTY, DOROTHY E. FOGARTY, AND APRIL M. C. FOGARTY, § § § Plaintiffs, § § v. § § USA TRUCK, INC., ERIC MCCONNELL § *Insurance Risk Manager*, MARC T. LEVIN, § *Esq.*, and DAVID ALBERT COLECCHIA § *Esq.* § § Defendants. § | Civil Action No. 3:05-CV-1783-M |

## CONCLUSIONS AND RECOMMENDATION
## OF UNITED STATES MAGISTRATE JUDGE

Pursuant to the District Court's order of reference, entered October 31, 2005, the District Court has referred this case to the United States Magistrate Judge for pretrial management. The District Court referred all non-dispositive motions for determination and all dispositive motions for report and recommendation.

Before the Court is Defendants USA Truck, Inc., ("USA Truck") and Eric McConnell's ("McConnell") motion to dismiss, and in the alternative, motion for a more definite statement, filed October 21, 2005. On November 1, 2005, Plaintiff Michael L. Fogarty ("Plaintiff") filed "Plaintiffs [sic] Brief in Response to Defendants [sic] Brief" and a brief "In Direct Reply [to] USA Truck, Inc., Eric McConnell's Motion Filed to Dismiss and in the Alternative Motion for Definite Statement Releasing Him as Defendant Pursuant to Federal Rule of Civil Procedures 12(b)," both filed on November 1, 2005. USA Truck and McConnell filed a brief entitled "sur-reply" on November 16, 2005, but procedurally this brief constitutes their reply. Plaintiff filed a sur-reply, entitled "Plaintiffs [sic] Reply to Eric McConnell's Sur-Reply Filed by Defendant to Dismiss" on November 28, 2005,

which the Court struck in an order entered December 7, 2005.

## BACKGROUND

Plaintiff[1] is a former employee of USA Truck, where he worked as a truck-driver. (*Pl.'s Compl.* at 2.) On March 4, 1999, Plaintiff was involved in a car accident in New Stanton, Pennsylvania, while he was making a delivery in the course of his employment. (*Id.* at 4-5.) Plaintiff rear-ended another truck that he alleges was stopped in the left lane on east-bound Interstate 70 in New Stanton. (*Id.* at 5.) Thomas Johnson ("Johnson") was driving the Werner Enterprises truck that Plaintiff rear-ended. (*Id.*) When Plaintiff rear-ended Johnson, the collision caused Johnson to rear-end the truck in front of him, which was driven by the Menges. (*Id.* at 6.)

Plaintiff continued to work for USA Truck after the accident, but USA Truck terminated his employment within thirty days of the accident because Plaintiff failed to attend work. (*Id.* at 9.) Plaintiff states that he did not attend work because of injuries he received in the car accident and that he notified USA Truck of his injuries by sending them two doctors' excuses. (*Id.*)

The Menges initiated a lawsuit in Adams County, Pennsylvania against Plaintiff and USA Truck. (*Id.* at 11.) Attorney Marc Levin ("Levin") initially represented both Plaintiff and USA Truck in the *Menges* litigation, but he resigned as their counsel because he felt that representing Plaintiff and USA Truck constituted a conflict of interest. (*Id.* at 2.) Plaintiff then hired attorney David Colecchia ("Colecchia") to represent him in the *Menges* litigation, but Plaintiff later fired him. (*Id.* at 11, 16.) McConnell and USA Truck indicate that the *Menges* lawsuit has been settled.

---

[1] Dorothy Fogarty and April Fogarty are also Plaintiffs in this case. Plaintiff Michael Fogarty has filed all the pleadings, and the focus of the pleadings is Michael Fogarty's alleged injuries and the alleged causes of those injuries.

(*Def.'s Br. in Supp.* at 2.)[2]

Plaintiff, proceeding *pro se*, initiated this lawsuit against Colecchia, Levin, McConnell, and USA Truck on September 6, 2005. The following seems to be the basis of Plaintiff's complaints against USA Truck and McConnell: (1) McConnell allegedly instructed Plaintiff to make the delivery that he was in the process of making when he was in the March 4, 1999, truck accident; (2) after the truck accident, McConnell informed Plaintiff that USA Truck was terminating his employment; (3) Plaintiff claims that, after Levin quit representing Plaintiff and USA Truck in the *Menges* litigation, USA Truck had an obligation to provide Plaintiff with new legal counsel and failed to do so; and (4) Plaintiff argues that USA Truck should have conducted an investigation after the truck accident and failed to do so. (*Pl.'s Compl.* at 2, 3, 9.)

McConnell and USA Truck filed a motion to dismiss on October 21, 2005. McConnell moves to dismiss Plaintiff's claims against him for lack of personal jurisdiction, improper venue, and failure to state a claim. (*Def.'s Mot. to Dismiss* at 1.) USA Truck moves to dismiss Plaintiff's claims against it on the basis of defective summons, insufficient service, and failure to state a claim. (*Id.*) In the alternative, McConnell and USA Truck move for a more definite statement. (*Id.*)

## DISCUSSION

### I. Standard of Review

When considering a motion to dismiss, the Court accepts as true the factual allegations plead by the non-moving party and any reasonable inferences that the Court can draw from the factual allegations. *Sw. Airlines Co. v. Farechase, Inc.*, 318 F.Supp.2d 435, 437 (N.D. Tex. 2004) (citing

---

[2]"*Def.'s Br. in Supp.*" refers to USA Truck and McConnell's Brief in Support of Rule 12(b) Motion to Dismiss and Alternative Motion for More Definite Statement, filed October 21, 2005.

*Tuchman v. DSC Commc'ns Corp.*, 14 F.3d 1061,1067 (5th Cir. 1994)). The non-moving party "must plead specific facts, not mere conclusory allegations" to survive a motion to dismiss. *Guidry v. Bank of LaPlace*, 954 F.2d 278, 281 (5th Cir. 1992). The movant cannot easily prevail because the law does not favor motions to dismiss. *Mahone v. Addicks Util. Dist. of Harris County*, 836 F.2d 921, 926 (5th Cir. 1988). Courts should not grant a motion to dismiss unless "it appears beyond a doubt that the plaintiff can prove no set of facts in support of his [or her] claim which would entitle him to relief." *Conley v. Gibson*, 355 U.S. 41, 45-46 (1957).

Since Plaintiff in this case is proceeding *pro se*, the Court must construe the allegations in the complaint liberally. *Hughes v. Rowe*, 449 U.S. 5, 9 (1980) (per curiam); *Sec. & Exch. Comm'n v. AMX, Int'l, Inc.*, 7 F.3d 71, 75 (5th Cir. 1993) (per curiam). The Court has an obligation to construe *pro se* plaintiffs' briefs more permissively and to make more allowances. *AMX, Int'l, Inc.*, 7 F.3d at 75. "[P]*ro se* litigant[s] [are] subject to less stringent standards than [those] represented by counsel." *Id.* (citing *Hughes v. Rowe*, 449 U.S. at 9).

## II. Does the Court Have Personal Jurisdiction Over McConnell?

The first issue before the Court is whether the Court has personal jurisdiction over McConnell. When the Court decides a motion to dismiss for lack of personal jurisdiction without first conducting an evidentiary hearing, the plaintiff only needs to establish "a *prima facie* showing of the facts on which jurisdiction is predicated." *Nuovo Pignone v. Storman Asia M/V*, 310 F.3d 374, 378 (5th Cir. 2002). The Court accepts as true the plaintiff's "uncontroverted allegations and resolve[s] in [his or her] favor all conflicts between the facts contained in the parties' affidavits and other documentation." *Alpine View Co. Ltd. v. Atlas Copco AB*, 205 F.3d 208, 215 (5th Cir. 2000).

The initial inquiry is whether state law allows the Court to exercise personal jurisdiction over

4

McConnell. *Patin v. Thoroughbred Power Boats Inc.*, 294 F.3d 640, 652 (5th Cir. 2002) (explaining that "[i]n a diversity suit, a federal court has personal jurisdiction over a nonresident defendant to the same extent that a state court in that forum has such jurisdiction"). The Texas long-arm statute authorizes the exercise of personal jurisdiction to the full extent authorized by the Due Process Clause of the Fourteenth Amendment. TEX. CIV. PRAC. & REM. CODE ANN. § 17.042 (Vernon 1997); *Cent. Freight Lines Inc. v. APA Transp. Corp.*, 322 F.3d 376, 380 (5th Cir. 2003). Accordingly, the Court must determine to what extent the Fourteenth Amendment permits a state to exercise personal jurisdiction over a non-resident defendant.

Due process requires that the defendant must have contacts with the forum state that indicate the "defendant has purposefully directed" his or her activities towards the state. *Burger King Corp. v. Rudzewicz*, 471 U.S. 462, 472-73 (1985); *Religious Tech. Ctr. v. Liebreich*, 339 F.3d 369, 375 (5th Cir. 2003), *cert. denied*, 540 U.S. 1111 (2004). Personal jurisdiction can either be general or specific, depending on the nature of the defendant's contacts. General jurisdiction is appropriate when the defendant's contacts with the forum state are unrelated to the litigation and are "continuous and systematic." *Helicopteros Nacionales de Columbia, S.A. v. Hall*, 466 U.S. 408, 414-15 (1984); *Religious Tech. Ctr.*, 339 F.3d at 374. Specific jurisdiction is appropriate when the litigation arises out of the defendant's contacts with the forum state, and the defendant has "minimum contacts" with the state. *World-Wide Volkswagen Corp. v. Woodson*, 444 U.S. 286, 291 (1980); *Religious Tech. Ctr.*, 339 F.3d at 375.

Plaintiff alleges that McConnell had the following four contacts with Texas. First, Plaintiff argues that McConnell had contact with Texas because USA Truck operates trucks on the Texas highways. (*Pl.'s Resp.* at 3.) Second, Plaintiff states that McConnell sent Plaintiff correspondence

5

while Plaintiff was living in Texas. (*Id.*) Third, Plaintiff alleges McConnell had contact with Texas when USA Truck was involved in a car accident in Sanger, Texas.[3] (*Id.* at 4.) Fourth, Plaintiff argues that McConnell had contact with Texas because McConnell's action of terminating Plaintiff's employment caused Plaintiff and his family to move to Texas. (*Id.*)

### A.  General Jurisdiction Analysis

In order for the Court to have general jurisdiction, McConnell's contacts with Texas must have been "continuous and systematic" and unrelated to the current litigation. *Helicopteros*, 466 U.S. at 414-16; *Religious Tech. Ctr.*, 339 F.3d at 374. The Supreme Court has not defined how many contacts are necessary to qualify as "continuous and systematic." Instead, courts must examine the quality and nature of the general contacts on a case-by-case basis. *Helicopteros*, 466 U.S. at 416.

Plaintiff alleges two contacts that McConnell had with Texas that are unrelated to the current litigation and could, therefore, potentially be a basis for the Court to exercise general jurisdiction. The first contact is USA Truck's operation of trucks on Texas highways, and the second is a truck accident USA Truck was involved in that occurred in Sanger, Texas. Assuming that USA Truck had these contacts with Texas, USA Truck's contacts with Texas cannot serve as the basis for this Court's exercise of general jurisdiction over McConnell. *See Alpine View Co. Ltd.*, 205 F.3d at 215 (indicating that, when considering a motion to dismiss for lack of personal jurisdiction, the Court should accept all of the plaintiff's "uncontroverted allegations"). Plaintiff has not specifically alleged how McConnell was involved in either of these claimed contacts with Texas.

---

[3]Plaintiff states that, in 2003, one of USA Truck's truck-drivers was involved in an accident, in which a truck "jack-knifed" killing two people. (*Pl.'s Resp.* at 3.)

6

Plaintiff does not even argue that McConnell has been involved with USA Truck's operation of trucks on Texas highways. (*See Pl.'s Resp.* at 3-4.) As to the alleged truck accident in Sanger, Texas, Plaintiff only alludes that McConnell was involved when he states, "I am c[u]rious if Mr. Eric McConnell had some involvement in this as being USA Truck's Insurance Risk Manager." (*Id.* at 4.) Plaintiff only makes ambiguous allegations that the Court should somehow impute USA Truck's alleged contacts with Texas to McConnell, and these vague and general allegations are insufficient to meet the high burden of "continuous and "systematic" contacts necessary for the Court to exercise general jurisdiction. *See Gardemal v. Westin Hotel Co.*, 186 F.3d 588, 596 (5th Cir. 1999) (rejecting the plaintiff's general assertions of defendant's "continuous and systematic" contacts as "vague and overgeneralized" and giving "no indication as to the extent, duration, or frequency" of defendant's contacts with the forum state). Although Plaintiff's burden of proof is light, the Court is only obligated to accept as true well-plead facts, not mere conclusory allegations. *Guidry*, 954 F.2d at 281. Without more specific allegations of McConnell's involvement in USA Truck's contacts with Texas, the contacts Plaintiff identified are insufficient for the Court to exercise general jurisdiction over McConnell.

**B. Specific Jurisdiction Analysis**

A court may exercise specific jurisdiction over a defendant when the litigation arises out of the defendant's contacts with the forum state, and the defendant has "minimum contacts" with the state. *World-Wide Volkswagen Corp.*, 444 U.S. at 291; *Religious Tech. Ctr.*, 339 F.3d at 375. The litigation must relate or arise out the activities directed at the forum. *Helicopteros*, 466 U.S. at 414. The benchmark of minimum contacts analysis is whether "the defendant's conduct and connection with the forum State are such that he should reasonably anticipate being haled into court there."

*World-Wide Volkswagen Corp.*, 444 U.S. at 297. Once the plaintiff has demonstrated that the defendant had minimum contacts with the forum, the Court must then consider whether "the exercise of personal jurisdiction over the defendant offends traditional notions of fair play and substantial justice." *Burger King Corp.*, 471 U.S. at 476. Plaintiff identifies two contacts that McConnell had with Texas that are related to this litigation and could, therefore, potentially serve as a basis for this Court's exercise of specific jurisdiction over McConnell. The first contact Plaintiff claims is that McConnell caused Plaintiff and his family to move to Texas because McConnell terminated Plaintiff's employment with USA Truck, and the second is that McConnell sent Plaintiff correspondence in Texas. The rest of the events underlying this litigation did not occur in Texas. The truck accident and *Menges* litigation both occurred in Pennsylvania, and Plaintiff was living in Louisiana at the time of the car accident. (*See Pl.'s Second Resp.* at 4.)[4]

The first contact Plaintiff alleges - that McConnell caused Plaintiff to move to Texas when he terminated Plaintiff's employment - cannot serve as a basis for specific jurisdiction because it was the unilateral activity of Plaintiff. Plaintiff alone made the decision to move to Texas. McConnell in no way had a role in Plaintiff's relocation. It is well-settled that the unilateral activity of the plaintiff is insufficient to establish minimum contacts. *Hanson v. Denckla*, 357 U.S. 235, 253 (1958) (stating that "[t]he unilateral activity of those who claim some relationship with a nonresident defendant cannot satisfy the requirement of contact with the forum State); *Stuart v. Spademan*, 772 F.2d 1185, 1190 (5th Cir. 1985).

The second contact Plaintiff alleges - that McConnell sent correspondence to Plaintiff in

---

[4]Plaintiff filed two responses to McConnell and USA Truck's motion to dismiss. They were both filed on November 1, 2005. "*Pl.'s Second Resp.*" refers to Plaintiff's second response brief, entitled "In Direct Reply USA Truck, Inc., Eric McConnell's Motion Filed to Dismiss."

Texas - is also insufficient to serve as a basis for specific jurisdiction. Plaintiff only claims that McConnell sent one piece of correspondence to him in Texas - a letter dated December 8, 2003. (*Pl.'s Resp.* at 3.) The Fifth Circuit has generally held that correspondence incident to a contractual relationship with an in-state party does not constitute minimum contacts with the forum state. *See, e.g., Freudensprung v. Offshore Technical Servs., Inc.*, 379 F.3d 327, 344-45 (5th Cir. 2004); *Holt Oil & Gas Corp. v. Harvey*, 801 F.2d 773, 778 (5th Cir. 1986); *Colwell Realty Invs., Inc. v. Triple T Inns of Ariz., Inc.*, 785 F.2d 1330, 1334 (5th Cir. 1986) (per curiam); *Stuart*, 772 F.2d at 1192. In this case, the correspondence Plaintiff alleges McConnell sent to him was not even sent incident to a contractual relationship with Plaintiff. Plaintiff states that the correspondence related to the ongoing litigation involving Plaintiff and USA Truck. (*Pl.'s Resp.* at 3.)

A single piece of correspondence sent to Plaintiff does not establish the minimum contacts the Court needs to exercise specific jurisdiction. Even if McConnell directed multiple pieces of correspondence to Plaintiff in Texas, correspondence alone is an insufficient basis for specific jurisdiction. The Fifth Circuit has previously indicated that "the combination of mailing payments to the forum state, engaging in communications related to the execution and performance of the contract, and the existence of a contract between the nonresident defendant and a resident of the forum are insufficient to establish the minimum contacts necessary to support the exercise of specific jurisdiction over the nonresident defendant." *Freudensprung*, 379 F.3d at 344 (explaining the holding in *Stuart*, 772 F.2d at 1192-94). If the combination of all the above contacts does not establish minimum contacts, then McConnell's correspondence with Plaintiff alone is also insufficient to establish minimum contacts.

Accordingly, the Court finds that it cannot exercise specific jurisdiction or, as discussed

9

above, general jurisdiction over McConnell. The Court, therefore, recommends that the District Court dismiss Plaintiff's claims against McConnell for lack of personal jurisdiction. Because the Court finds it lacks personal jurisdiction over McConnell, the Court does not address McConnell's arguments regarding venue and failure to state a claim.

### III. Was the Summons for USA Truck Defective and Service of Process Insufficient?

USA Truck moves the Court to dismiss Plaintiff's claims against it pursuant to Federal Rules of Civil Procedure 12(b)(4) and 12(b)(5) for insufficiency of process and insufficiency of service of process. (*Def.'s Mot. to Dismiss* at 2.) *See* FED. R. CIV. P. 12(b)(4), 12(b)(5). USA Truck claims that Plaintiff's service of process was insufficient because Plaintiff mailed the complaint, without the summons, to McConnell, who is not authorized to accept service of process for USA Truck. (*Id.*) USA Truck also argues that Plaintiff's summons is defective because the summons did not specifically name USA Truck, Inc., as a defendant but instead named "USA Truck, Inc. Insurance Risk Manager Supervisor, Eric McConnell" as a defendant. (*Id.*)

In accordance with Federal Rule of Civil Procedure 12(b)(5), insufficient service of process is a grounds for dismissal. FED. R. CIV. P. 12(b)(5). Federal Rule of Civil Procedure 4(c)(1) requires that the plaintiff serve the summons and a copy of the complaint upon the defendant(s). FED. R. CIV. P. 4(c)(1). Federal Rule of Civil Procedure 4(h) provides that the plaintiff may effectuate service of process upon a corporation by: (1) following the methods provided by the law of the state in which the district court is located or the state in which service is made, or (2) delivering a copy of the summons and complaint to an officer, managing or general agent, or any agent authorized by appointment or by law to receive service of process. FED. R. CIV. P. 4(h).

Plaintiff's service of process upon USA Truck was insufficient for two reasons. First, as

10

Plaintiff himself concedes, he did not serve USA Truck with a copy of the summons. (*See Pl.'s Resp.* at 6.) Second, Plaintiff did not serve the correct party. Plaintiff mailed a copy of the complaint to McConnell, the risk manager for USA Truck, whom USA Truck states is not an agent authorized to receive service. (*Def.'s Br. in Supp.* at 7.)

Federal Rule of Civil Procedure 4(h) requires that Plaintiff serve one of the parties listed in subsection (1) or that Plaintiff serve one of the parties provided for by the state law in which the district court sits or the state in which service is made. FED. R. CIV. P. 4(h). Plaintiff served McConnell, on behalf of USA Truck, in Arkansas. (*Id.*) Arkansas law provides that proper service of process upon a corporation consists of delivering a copy of the summons and complaint to an officer, partner, managing or general agent, or any agent authorized by appointment or law to receive service. ARK. R. CIV. P. 4(d)(5). The District Court sits in Texas, and Texas law provides that proper service of process upon a corporation consists of service upon a corporation's president, vice president, or registered agent, or by effectuating constructive service by serving the Texas Secretary of State. TEX. BUS. CORP. ACT. ANN. art. 2.11, § A (Vernon Supp. 2003); TEX. CIV. PRAC. & REM. CODE ANN. § 17.044 (Vernon 1997).

McConnell does not hold one of the positions that Federal Rule of Civil Procedure 4(h)(1), Arkansas law, or Texas law authorizes to receive service of process on behalf of a corporation, nor has Plaintiff alleged that McConnell is an authorized agent of USA Truck. Plaintiff must serve one of the parties provided for by Federal Rule of Civil Procedure 4(h)(1), Arkansas law, or Texas law. Because USA Truck also indicates that the summons was only issued to "USA Truck, Inc. Insurance Risk Manager Supervisor, Eric McConnell" and did not specifically name USA Truck as a defendant, Plaintiff also needs to serve USA Truck with a summons that clearly names it as a

11

defendant. (*See Def.'s Mot. to Dismiss* at 2.)

As Plaintiff concedes, the Court finds that Plaintiff's service of process upon USA Truck was insufficient. (*See Pl.'s Resp.* at 6.) However, the Court finds that dismissal is not appropriate because Plaintiff has the ability to effectuate proper service upon USA Truck. *See Stanga v. McCormick Shipping Corp.*, 268 F.2d 544, 554 (5th Cir. 1959) (explaining that dismissal is only appropriate if "there is no reasonably conceivable means of acquiring jurisdiction over the person of a defendant" and should not be granted when the plaintiff has only made one attempt at service of process). Accordingly, the Court recommends that the District Court quash Plaintiff's defective service of process upon USA Truck and order Plaintiff to effectuate proper service of process upon USA Truck by January 4, 2006.[5] The Court, therefore, also recommends that the District Court deny USA Truck's motion to dismiss without prejudice to allow USA Truck to re-file the motion once Plaintiff has effectuated proper service.

## CONCLUSION

The Court finds that it lacks both general and specific jurisdiction over McConnell. The Court also finds that Plaintiff's service of process upon USA Truck was insufficient.

## RECOMMENDATION

The Court recommends that the District Court **GRANT** McConnell's motion to dismiss and dismiss all of Plaintiff's claims against McConnell for lack of personal jurisdiction. The Court recommends that the District Court **QUASH** Plaintiff's service of process upon USA Truck and

---

[5]In accordance with Federal Rule of Civil Procedure 4(m), Plaintiff has 120 days after the filing of his complaint to effectuate proper service. FED. R. CIV. P. 4(m). Plaintiff filed his complaint on September 6, 2005. Thus, January 4, 2006, is his last day to timely serve USA Truck.

12

order Plaintiff to effectuate proper service of process upon USA Truck by January 4, 2006.  The Court recommends that the District Court **DENY** USA Truck's motion to dismiss without prejudice to re-file it once Plaintiff has effectuated proper service of process upon it.

    Signed this16th day of December, 2005.

                                          PAUL D. STICKNEY
                                          UNITED STATES MAGISTRATE JUDGE

**INSTRUCTIONS FOR SERVICE AND**
**NOTICE OF RIGHT TO APPEAL/OBJECT**

The United States District Clerk shall serve a true copy of these conclusions and recommendation on the parties. Pursuant to Title 28, United States Code, Section 636(b)(1), any party who desires to object to these conclusions and recommendation must serve and file written objections within ten days after being served with a copy. A party filing objections must specifically identify those conclusions or recommendation to which objections are being made. The District Court need not consider frivolous, conclusory or general objections. A party's failure to file such written objections to these proposed conclusions and recommendation shall bar that party from a *de novo* determination by the District Court. *See Thomas v. Arn*, 474 U.S. 140, 150 (1985). Additionally, any failure to file written objections to the proposed conclusions and recommendation within ten days after being served with a copy shall bar the aggrieved party from appealing the legal conclusions of the Magistrate Judge that are accepted by the District Court, except upon grounds of plain error. *See Douglass v. United Services Auto. Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996) (en banc).

_____
PAUL D. STICKNEY
UNITED STATES MAGISTRATE JUDGE