ORIGINAL

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

U.S. DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
FILED
JAN - 4 2006
CLERK, U.S. DISTRICT COURT
By _____ Deputy

| | |
|---|---|
| MICHAEL L. FOGARTY, DOROTHY E. FOGARTY, AND APRIL M. C. FOGARTY, § § § Plaintiffs, § § v. § § USA TRUCK, INC., ERIC MCCONNELL *Insurance Risk Manager*, MARC T. LEVIN, *Esq.*, and DAVID ALBERT COLECCHIA *Esq.*, § § § § § Defendants. | Civil Action No. 3:05-CV-1783-M |

## CONCLUSIONS AND RECOMMENDATION
## OF UNITED STATES MAGISTRATE JUDGE

Pursuant to the District Court's order of reference, entered October 31, 2005, the District Court has referred this case to the United States Magistrate Judge for pretrial management. The District Court referred all non-dispositive motions for determination and all dispositive motions for report and recommendation.

Before the Court is Defendant Marc T. Levin's ("Levin") motion to dismiss, filed October 7, 2005. On October 20, 2005, Plaintiff[1] Michael L. Fogarty ("Plaintiff") filed a response, entitled "In Direct Reply [to] Mr. Marc T. Levin's Motion Filed to Dismiss Him as Defendant Pursuant to Federal Rule of Civil Procedure 12(b)(6)." Levin filed a reply on November 4, 2005. Plaintiff filed a sur-reply without leave of court on November 14, 2005. In an order entered December 7, 2005, the Court granted Levin's motion to strike Plaintiff's sur-reply.

---

[1] Dorothy Fogarty and April Fogarty are also Plaintiffs in this case. Plaintiff Michael Fogarty has filed all the pleadings, and the focus of the pleadings is Michael Fogarty's alleged injuries and the alleged causes of those injuries.

## BACKGROUND

Plaintiff is a former employee of USA Truck, where he worked as a truck-driver. (*Pl.'s Compl.* at 2.) On March 4, 1999, Plaintiff was involved in a truck accident in New Stanton, Pennsylvania, while he was making a delivery in the course of his employment. (*Id.* at 4-5.) Plaintiff rear-ended another truck that he alleges was stopped in the left lane on east-bound Interstate 70 in New Stanton. (*Id.* at 5.) Thomas Johnson ("Johnson") was driving the Werner Enterprises truck that Plaintiff rear-ended. (*Id.*) When Plaintiff rear-ended Johnson, the collision caused Johnson to rear-end the truck in front of him, which was driven by the Menges. (*Id.* at 6.)

The Menges initiated a lawsuit ("the *Menges* litigation") in Adams County, Pennsylvania against Plaintiff and USA Truck. (*Id.* at 11.) Levin initially represented both Plaintiff and USA Truck in the *Menges* litigation. (*Id.* at 2.) After receiving court approval, Levin resigned as their counsel because he felt that representing Plaintiff and USA Truck constituted a conflict of interest.[2] (*Id.*) Before Levin withdrew, Plaintiff hired attorney David Colecchia ("Colecchia") to represent him in a personal injury action he was considering commencing against USA Truck. (*Id.* at 11.) Plaintiff tried to obtain Levin's representation in his personal injury lawsuit but Levin declined. (*Id.*)

During the course of the *Menges* litigation, Plaintiff states that Johnson admitted in a deposition that, when Johnson stopped his truck on the highway, he did not have on any warning lights. (*Pl.'s Compl.* at 14.) Plaintiff felt that this information would prove that Johnson, not

---

[2]Although the parties are unclear about the precise nature of Plaintiff and USA Truck's dispute while Levin was representing them both, the dispute seemed to be between Plaintiff and USA Truck's risk manager, Eric McConnell ("McConnell"). Levin describes the conflict as "an ongoing dispute between Plaintiff and Eric McConnell." (*Def.'s Mot. to Dismiss* at 2.) Plaintiff also describes the conflict as multiple arguments he had with McConnell about the truck accident and various matters related to the truck accident. (*Pl.'s Resp.* at 5.)

2

Plaintiff, was at fault for the truck accident. (*Pl.'s Resp.* at 10-11.)[3] Plaintiff argues that Levin should have convinced USA Truck to reveal the statements made by Johnson in his deposition to the court in the *Menges* litigation. (*Id.*)

Plaintiff, proceeding *pro se*, initiated this lawsuit against Colecchia, Levin, McConnell, and USA Truck on September 6, 2005. Plaintiff's claims against Levin include insurance bad faith and legal malpractice. (*Pl.'s Resp.* at 17.) On October 7, 2005, Levin filed his motion to dismiss for failure to state a claim, pursuant to Federal Rule of Civil Procedure 12(b)(6). *See* FED. R. CIV. P. 12(b)(6). Levin moves the Court to dismiss Plaintiff's claims, arguing that Plaintiff does not state a valid claim against him and that Plaintiff's claims are both frivolous and initiated by Plaintiff to harass Levin. (*Def.'s Mot. to Dismiss* at 5-7.)

## DISCUSSION

### I. Standard of Review

When considering a motion to dismiss, the Court accepts as true the factual allegations plead by the non-moving party and any reasonable inferences that the Court can draw from the factual allegations. *Sw. Airlines Co. v. Farechase, Inc.*, 318 F. Supp.2d 435, 437 (N.D. Tex. 2004) (citing *Tuchman v. DSC Commc'ns Corp.*, 14 F.3d 1061,1067 (5th Cir. 1994)). The non-moving party "must plead specific facts, not mere conclusory allegations" to survive a motion to dismiss. *Guidry v. Bank of LaPlace*, 954 F.2d 278, 281 (5th Cir. 1992). The movant cannot easily prevail because the law does not favor motions to dismiss. *Mahone v. Addicks Util. Dist. of Harris County*, 836 F.2d 921, 926 (5th Cir. 1988). Courts should not grant a motion to dismiss unless "it appears beyond a

---

[3]"*Pl.'s Resp.*" refers to Plaintiff's brief entitled, "In Direct Reply [to] Mr. Marc T. Levin's Motion Filed to Dismiss Him as Defendant Pursuant to Federal Rule of Civil Procedure 12(b)(6)," filed October 20, 2005.

doubt that the plaintiff can prove no set of facts in support of his [or her] claim which would entitle him to relief." *Conley v. Gibson*, 355 U.S. 41, 45-46 (1957).

Since Plaintiff in this case is proceeding *pro se*, the Court must construe the allegations in the complaint liberally. *Hughes v. Rowe*, 449 U.S. 5, 9 (1980) (per curiam); *Sec. & Exch. Comm'n v. AMX, Int'l, Inc.*, 7 F.3d 71, 75 (5th Cir. 1993) (per curiam). The Court has an obligation to construe *pro se* plaintiffs' briefs more permissively and to make more allowances. *AMX, Int'l, Inc.*, 7 F.3d at 75. "[P]*ro se* litigant[s] [are] subject to less stringent standards than [those] represented by counsel." *Id.* (citing *Hughes v. Rowe*, 449 U.S. at 9).

## II. Does Plaintiff State a Claim for Legal Malpractice?

Plaintiff's first allegation against Levin is that he committed legal malpractice. (*Pl.'s Resp.* at 17.) The basis of his claim seems to be that he violated his duty to Plaintiff by: (1) withdrawing his representation in the *Menges* litigation; (2) failing to instruct USA Truck to reveal Johnson's deposition during the *Menges* litigation; and (3) refusing to represent Plaintiff in his personal injury action against USA Truck. (*Pl.'s Compl.* at 11, 14.)

A federal court sitting in diversity jurisdiction applies state substantive law to a plaintiff's state law claims. *Erie R.R. Co. v. Tompkins*, 304 U.S. 64, 78-79 (1938). As a threshold issue, a federal court sitting in diversity jurisdiction must first decide which state's substantive law to apply. *See, e.g., R.R. Mgmt. Co., L.L.C. v. CFS La. Midstream Co.*, 428 F.3d 214, 222 (5th Cir. 2005). Generally, in a diversity case, a federal court applies the substantive law of the state in which it sits, including that state's choice of law analysis. *See, e.g., Klaxon Co. v. Stentor Elec. Mfg. Co.*, 313 U.S. 487, 496 (1941). When determining which state's law to apply, Texas courts use the most significant relationship choice of law analysis that is outlined in the RESTATEMENT (SECOND) OF

4

CONFLICT OF LAWS. *R.R. Mgmt. Co., L.L.C.*, 428 F.3d at 222. *See* RESTATEMENT (SECOND) OF CONFLICT OF LAWS (1971). If the substantive laws of the relevant states do not conflict, the Court does not need to conduct a choice of law analysis. *R.R. Mgmt. Co., L.L.C.*, 428 F.3d at 222.

In this case, the Court could apply either Texas law, the law of the state in which the District Court sits, or Pennsylvania law, the law of the state in which the majority of the events underlying this litigation occurred. The truck accident and the *Menges* litigation occurred in Pennsylvania. (*See Pl.'s Compl.* at 5, 11.) The Court concludes that it is unnecessary to conduct a choice of law analysis to determine which state's law applies to Plaintiff's legal malpractice claim because both Texas and Pennsylvania state law require the same elements to prove a legal malpractice claim. *See Condrey v. SunTrust Bank of Ga.*, 429 F.3d 556, 566 (5th Cir. 2005) (illustrating that federal courts sitting in diversity need not conduct a choice of law analysis when either state's law produces the same result). Thus, the result of Levin's motion to dismiss for failure to state a claim would be the same under either state's law. To state a claim for legal malpractice, the laws of both states require the plaintiff to demonstrate: (1) the attorney owed the plaintiff a duty; (2) the attorney breached this duty; (3) the plaintiff has damages; and (4) the attorney's breach of duty is the proximate cause of those damages. *See Alexander v. Turtur & Assocs., Inc.*, 146 S.W.3d 113, 117 (Tex. 2004); *Nelson v. Heslin*, 806 A.2d 873, 876 (Pa. Super. 2002). The Court, therefore, declines to conduct a choice of law analysis to determine which state's law to apply to Plaintiff's malpractice claim.

As outlined above, to succeed on a legal malpractice claim, Plaintiff must demonstrate that: (1) Levin owed Plaintiff a duty; (2) Levin breached that duty; (3) Levin's breach of his duty to Plaintiff caused Plaintiff's injuries; and (4) Plaintiff has damages. *Alexander*, 146 S.W.3d at 117; *Nelson*, 806 A.2d at 876. The Court must consider whether Plaintiff has plead any set of facts, that

if taken as true, state a cause of action for legal malpractice. *Conley*, 355 U.S. at 45-46. The Court will examine Plaintiff's allegations against Levin individually to determine if any one of Plaintiff's claims against Levin amounts to malpractice.

### A. Levin's Withdrawal from Representing Plaintiff

Plaintiff's first claim that Levin committed malpractice is that Levin violated his duty to Plaintiff when he withdrew his representation in the *Menges* litigation. (*Pl.'s Resp.* at 7.) Levin does not contest the fact that he had an attorney-client relationship with Plaintiff. When an attorney-client relationship exists, the attorney has a duty to exercise the standard of care that a reasonably prudent attorney would exercise. *Cosgrove v. Grimes*, 774 S.W.2d 662, 664 (Tex. 1989); *Fiorentino v. Rapoport*, 693 A.2d 208, 212-13 (Pa. Super. 1997). In addition, attorneys owe their clients the fiduciary duties of fidelity and good faith as a matter of law and those duties enumerated in state rules of professional conduct. *Willis v. Maverick*, 760 S.W.2d 642, 645 (Tex. 1988); *Maritrans GP Inc. v. Pepper, Hamilton, & Scheetz*, 602 A.2d 1277, 1282-83 (Pa. 1992). Thus, the first element of a malpractice claim - the existence of a duty - is present because Levin owed Plaintiff the duties incident to their attorney-client relationship.

Since the Court finds that Levin did owe Plaintiff a duty pursuant to their attorney-client relationship, the next issue is whether Levin breached that duty. *See Alexander*, 146 S.W.3d at 117; *Nelson*, 806 A.2d at 876 (outlining the elements of a legal malpractice claim). Plaintiff argues that Levin breached his duty to Plaintiff by withdrawing. (*Pl.'s Resp.* at 7.) Levin states that he did not breach his duty of care to Plaintiff because he acted in accordance with the Pennsylvania Rules of Professional Conduct when he withdrew. (*Def.'s Mot. to Dismiss* at 5.)

State rules of professional conduct enumerate an attorney's duties to his or her client. The

Pennsylvania Rules of Professional Conduct govern the conduct of attorneys practicing law in Pennsylvania, the state in which the *Menges* litigation occurred. *See Pa. Mfrs.' Ass'n Ins. Co. v. Wolfe*, 626 A.2d 522, 527 (Pa. 1993) (explaining that the Pennsylvania Rules of Professional Conduct define certain duties that attorneys owe to their clients and govern the practice of law in Pennsylvania); *In re Birmingham Twp., Del. County*, 597 A.2d 253, 255 (Pa. Commw. Ct. 1991) (indicating that "[a]n attorney's conduct concerning the representation of his [or her] client is governed by the [Pennsylvania] Rules of Professional Conduct").

Thus, the Court must examine the Pennsylvania Rules of Professional Conduct when determining whether Levin fulfilled his duty to Plaintiff. Levin states that the Pennsylvania Rules of Professional Conduct require an attorney to withdraw his or her representation when a conflict of interest arises between his or her clients. (*Def.'s Mot. to Dismiss* at 5.) *See* Rules of Prof. Conduct ("Pa. R.P.C."), Rule 1.7(a), 42 PA. CONST. STAT. ANN. (2005) (stating that "a lawyer *shall not* represent a client if the representation involves a concurrent conflict of interests") (emphasis added). Levin indicates that a conflict had arisen between Plaintiff, USA Truck, and McConnell and that, due to that conflict, he could no longer adequately represent the interests of each of his clients. (*Def.'s Mot. to Dismiss* at 6.)

The Court finds that Levin did not breach his duty by withdrawing. Both Plaintiff and Levin admit that a conflict had arisen between Plaintiff, USA Truck, and McConnell. (*Def.'s Mot. to Dismiss* at 6; *Pl.'s Resp.* at 7.) Plaintiff also explicitly states that Levin had a conflict of interest. (*See Pl.'s Resp.* at 5, 18-19, 21.) When an attorney can no longer adequately represent the interests of all of his clients, the Pennsylvania Rules of Professional Conduct impose a duty upon the attorney to either: (1) withdraw from representing the parties or (2) obtain the parties' informed consent to

continue representing them in spite of the conflict. Pa. R.P.C. 1.7(b), 1.16(a)(1). By withdrawing his representation, Levin was fulfilling the duty imposed upon him by the Pennsylvania Rules of Professional Conduct and, therefore, was not breaching his duty to Plaintiff.

The Pennsylvania Rules of Professional Conduct also impose certain duties upon an attorney when he or she terminates his or her representation of a client. *See* Pa. R.P.C. 1.16(d). Levin took all the necessary steps to comply with his duties to Plaintiff upon withdrawal. When an attorney withdraws from a case, the Pennsylvania Rules of Professional Conduct only require an attorney to give reasonable notice to the client, to allow the client time to employ other counsel, and to deliver to the client all papers and documents to which the client is entitled. *Id.* Levin states that he did all of these things, and Plaintiff does not contest that he did. Both Levin and Plaintiff indicate that, at the time Levin withdrew, Plaintiff had already hired Colecchia to represent him in his personal injury action. (*Def.'s Mot. to Dismiss* at 2; *Pl.'s Resp.* at 9.) Thus, Levin knew that Plaintiff had access to another attorney. (*Def.'s Mot. to Dismiss* at 2.) In addition, both Levin and Plaintiff indicate that Levin delivered to Plaintiff all of the files pertaining to the *Menges* litigation. (*Id.* at 6; *Pl.'s Resp.* at 23.) Levin also sought and received court-approval before withdrawing. (*Id.*) *See* Pa. R.P.C. 16(c) (requiring an attorney to "comply with applicable law requiring notice to or permission of a tribunal when terminating a representation"). The Court, therefore, finds that Levin fulfilled the duties imposed by the Pennsylvania Rules of Professional Conduct when he withdrew his representation.

Even if Levin had breached his duty to Plaintiff, Plaintiff has not alleged any facts that meet the third requirement of a malpractice claim - damages caused by the breach. *See Alexander*, 146 S.W.3d at 117; *Nelson*, 806 A.2d at 876 (outlining the elements of a legal malpractice claim).

Plaintiff has not stated that the *Menges* litigation had an unfavorable outcome for him, such as the court finding him liable for the truck accident or ordering him to pay damages. The only damages that Plaintiff has cited to the Court are damages stemming from the truck accident itself, including his loss of employment and personal injuries. (*See Pl.'s Resp.* at 19-20) (indicating that the damages he seeks because he was almost killed in the truck accident include: $2,100,000 dollars in compensatory damages for the "[twenty-one] pounds of legal work [Levin] dumped on [Plaintiff]," punitive damages, and "unspecified damages as [Levin] shares with USA Truck.") To state a claim for malpractice, Plaintiff must allege damages that Levin's alleged breach of duty directly caused. *See Alexander*, 146 S.W.3d at 117; *Nelson*, 806 A.2d at 876. In addition to the Court's finding that Levin did not breach his duty to Plaintiff, the Court also finds that Plaintiff does not state a claim for malpractice because he has not plead any damages arising from Levin's alleged breach of duty.

### B. Levin's Failure to Instruct USA Truck to Reveal New Evidence

Plaintiff next alleges that Levin committed malpractice because he did not instruct USA Truck to reveal the statements Johnson made in the deposition during the *Menges* litigation. (*Pl.'s Compl.* at 14.) Plaintiff claims that Johnson - the driver of the truck that Plaintiff hit - revealed in a deposition that he was stopped on the highway and had not turned on his warning lights. (*Id.*) Plaintiff states that this information would have absolved Plaintiff of any liability in the *Menges* litigation and that Levin had a duty to convince USA Truck to reveal this information. (*See id.*; *Pl.'s Resp.* at 6, 8.)

As already established above, Levin did have duties to Plaintiff pursuant to their attorney-client relationship. The Court does not address whether Levin's failure to instruct USA Truck to reveal the new evidence constitutes a breach of duty because, similarly to Plaintiff's first alleged

basis of malpractice, Plaintiff has not demonstrated any damages arising from any alleged breach of duty. Even if Levin did breach his duty, Plaintiff has not shown how he was harmed by USA Truck not revealing this information. Plaintiff has not stated that he was held liable for the truck accident, nor has he claimed that he had to pay any damages. Because Plaintiff has not claimed that Levin's alleged breach of duty proximately caused him any damages, the Court finds that Plaintiff's claim that Levin should have advised USA Truck to reveal this evidence does not state a valid claim for malpractice.

### C. Levin's Refusal to Represent Plaintiff

Plaintiff's final claim of malpractice against Levin is that Levin breached his duty to Plaintiff by refusing to represent him in his personal injury action against USA Truck. (*Pl.'s Compl.* at 11.) Having already established that Levin had duties to Plaintiff pursuant to their attorney-client relationship, the issue is whether Levin breached this duty by refusing to represent Plaintiff in his personal injury action. *See Alexander*, 146 S.W.3d at 117; *Nelson*, 806 A.2d at 876 (outlining the elements of a legal malpractice claim). Not only do an attorney's duties to his or her client not require him or her to accept further employment from his or her client, but in this specific instance the Pennsylvania Rules of Professional Conduct would have prevented Levin from accepting Plaintiff's offer. Plaintiff asked Levin to represent him in a personal injury action against USA Truck while Levin was currently representing both Plaintiff and USA Truck in the *Menges* litigation. (*Pl.'s Resp.* at 7.) The Pennsylvania Rules of Professional Conduct would not allow an attorney to represent one current client against another current client because this would constitute an impermissible conflict of interest. *See* Pa. R.P.C. 1.7(a)(1), 17(b). Accordingly, the Court finds that Levin did not breach his duty to Plaintiff by refusing to represent him in his personal injury lawsuit.

Because the Court has found that the facts alleged by Plaintiff do not state a claim for legal malpractice, the Court recommends that the District Court dismiss Plaintiff's malpractice claim against Levin with prejudice.

### III. Does Plaintiff State a Claim for Insurance Bad Faith?

Plaintiff's second cause of action against Levin is for insurance bad faith. (*Pl.'s Resp.* at 17.) The substance of Plaintiff's insurance bad faith claim against Levin seems to be that USA Truck committed insurance bad faith by failing to provide Plaintiff counsel in the *Menges* litigation when Levin withdrew and that Levin somehow helped USA Truck commit this alleged insurance bad faith. (*Pl.'s Resp.* at 7, 15.) As with Plaintiff's malpractice claim, the Court declines to conduct a choice of law analysis because Texas state law and Pennsylvania state law have the same definition of insurance bad faith. Texas and Pennsylvania state law both define insurance bad faith as "any frivolous or unfounded refusal to pay proceeds of a policy. *Terletsky v. Prudential Prop. & Cas. Ins. Co.*, 649 A.2d 680, 688 (Pa. Super. Ct. 1994). *See Aranda v. Ins. Co. of N. Am.*, 748 S.W.2d 210, 212-13 (Tex. 1988).

"An insurer breaches its common law duty of good faith and fair dealing when it fails to promptly and equitably pay the insured's claim when liability becomes reasonably clear." *Aranda*, 748 S.W.2d at 212-213. *See Terletsky*, 649 A.2d at 688. The elements of an insurance bad faith claim are: (1) the insurer did not have a reasonable basis for denying the payment of benefits under the policy and (2) the insurer knew or should have known that it had no basis for denying the payment. *Id.*; *Terletsky*, 649 A.2d at 688. The Court finds that Plaintiff does not state a claim for insurance bad faith against Levin because Levin was not Plaintiff's insurer. Levin, therefore, did not have an obligation to provide Plaintiff any benefits because Levin did not have an insurance policy

with Plaintiff. The Court recommends that the District Court dismiss Plaintiff's insurance bad faith claim against Levin with prejudice because Plaintiff fails to state a claim upon which relief can be granted.

## CONCLUSION

The Court finds that Plaintiff has failed to state a claim for legal malpractice against Levin. The Court also finds that Plaintiff has failed to state a claim for insurance bad faith against Levin. Because the Court finds that Plaintiff has not stated a valid claim against Levin, the Court does not address Levin's remaining arguments that Plaintiff's claims are frivolous and initiated for the purpose of harassing Levin. (*See Def.'s Mot. to Dismiss* at 5-7.)

## RECOMMENDATION

Pursuant to Federal Rule of Civil Procedure 12(b)(6), the Court recommends that the District Court dismiss Plaintiff's claims against Levin with prejudice because Plaintiff has failed to state a claim upon which relief can be granted. *See* FED. R. CIV. P. 12(b)(6).

Signed this ____ day of January, 2006.

PAUL D. STICKNEY
UNITED STATES MAGISTRATE JUDGE

12

## INSTRUCTIONS FOR SERVICE AND
## NOTICE OF RIGHT TO APPEAL/OBJECT

The United States District Clerk shall serve a true copy of these conclusions and recommendation on the parties. Pursuant to Title 28, United States Code, Section 636(b)(1), any party who desires to object to these conclusions and recommendation must serve and file written objections within ten days after being served with a copy. A party filing objections must specifically identify those conclusions or recommendation to which objections are being made. The District Court need not consider frivolous, conclusory or general objections. A party's failure to file such written objections to these proposed conclusions and recommendation shall bar that party from a *de novo* determination by the District Court. *See Thomas v. Arn*, 474 U.S. 140, 150 (1985). Additionally, any failure to file written objections to the proposed conclusions and recommendation within ten days after being served with a copy shall bar the aggrieved party from appealing the legal conclusions of the Magistrate Judge that are accepted by the District Court, except upon grounds of plain error. *See Douglass v. United Services Auto. Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996) (en banc).

PAUL D. STICKNEY
UNITED STATES MAGISTRATE JUDGE